**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUN 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 13-10158 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00260-DGC-2 |
| v. | |
| **RICHARD LEWIS ROSS, AKA Richard Ross,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 12, 2015
San Francisco, California

Before:     **KOZINSKI**, **PAEZ** and **CLIFTON**, Circuit Judges.

   **1.** Ross argues that restitution was inappropriate because this case involved too many victims and required the "determin[ation] [of] complex issues of fact." 18 U.S.C. § 3663A(c)(3).  In his plea deal, Ross "specifically agree[d] to make restitution to the victims in an amount to be determined at sentencing," and waived

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

any right to appeal his sentence. While Ross may appeal the amount of restitution awarded, see United States v. Tsosie, 639 F.3d 1213, 1218 (9th Cir. 2011), he has knowingly waived his right to appeal the district court's decision to award restitution in the first place. Even if Ross did not waive his right to appeal the district court's decision to award restitution, the district court didn't abuse its discretion when it decided that 18 U.S.C. § 3663A(c)(3) did not preclude the restitution award.

**2.** Ross claims there is a variety of inconsistencies in the spreadsheet the district court relied on to calculate restitution. Because he failed to flag these discrepancies below, we review for plain error. Even assuming that the spreadsheet contains every transcription and computation error he alleges, Ross fails to establish that these errors affect his substantial rights.

**3.** The district court's methodology for computing restitution dramatically understates victims' losses. It doesn't include interest, nor does it permit victims to collect on CORF investments beyond the initial fee, even though such investments were likely induced by CLS's fraud.

Ross fails to show how the district court's methodology is anything but generous to him. That some victims may not have responded to the government's

questionnaire makes no difference, as additional responses could have only resulted in a higher restitution amount. And, because Ross was a principal of CLS's fraudulent scheme, the district court reasonably concluded that Ross proximately caused every victims' CLS-related losses.

Any contributory negligence on the part of the victims is immaterial. Because CLS sold a business plan nearly doomed to failure, it's unlikely that any individual investor's acumen could have saved the business. Ross's concerns that victims may have understated their revenue from the CORFs and overstated their additional investment in the CORFs are similarly inconsequential. Because few, if any, victims realized a profit, the exact amounts of additional investment and revenue are insignificant. The district court therefore did not abuse its discretion.

**4.** The district court's restitution schedule isn't an abuse of discretion. The pre-sentencing report reveals Ross had enough to make the $25-per-quarter payments while he was in prison. Ross can petition to adjust the schedule if his circumstances materially change.

**AFFIRMED.**